C
 O
  P
   Y

Hon. A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-931
Re: Whether justices of the peace and
county attorneys are "officers of
the court" within the provisions
of Article 1055, Code of Criminal
Procedure as amended by House Bill
No. 205, Acts of 1939, 46th Leg.

Your request for an opinion from this department, as contained in your letter of June 2, 1939, has received our attention. Pointing out therein the legislative expression "officers of the court" as used in House Bill No. 205, amending Article 1055, Code of Criminal Procedure, 1925, you ask the following questions with reference thereto:

"Are justices of the peace officers of the court?

"Are county attorneys officers of the court?"

Article 1055, as amended by House Bill No. 205, Acts of 1939, 46th Leg. reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the court, when the defendant fails to pay his fine and lays his fine out in the county

jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

It appears that by using the term "officers of the court", the Legislature did not intend to give any broader meaning to the word "officer" as used in the original Article 1055, R.C.S., 1925, or in the Act of 1937, 45th Leg., which latter Act was held by this department as unconstitutional by reason of a defective caption. The language "officer" or "officers of the court", which terms we believe are used synonymously, can only refer to those officers who have costs taxed in misdemeanor cases and who would be entitled to their costs or fee in the event the defendant paid his fine and costs. When we examine those statutes which authorize certain fees allowed to be taxed as costs against the defendants in such cases, it will be noted that the office of county attorney and the justice of the peace are distinguishable as to such costs.

Article 1052, as amended, provides that the justice of the peace shall receive in all counties of twenty thousand (20,000) or less population, a trial fee of Three ($3.00) Dollars in each criminal action tried and finally disposed of before him, and Two Dollars Fifty Cents ($2.50) in counties with population in excess of twenty thousand (20,000) inhabitants. This fee is paid by the county without regard to the provisions of Article 1055, as amended, and is not taxed directly against the defendant as part of the costs. As the justice of the peace is not dependent upon the provisions of said Article 1055 for his fee, he is not such "officer" or "officer of the court" within the purview of House Bill No. 208, amending Article 1055, Code of Criminal Procedure, 1925. It is further evident that the Legislature intended to eliminate the pecuniary interest of the justice of the

peace in fees taxed directly against the defendant
and allowed him only, if judgment of conviction is
entered, thereby avoiding judgment previously declar-
ed unconstitutional and void.  See: Ex parte Binney,
14 S. W. (2d) 63.

The fees of the county attorney taxed as
costs against the defendant (articles 1061-1070, Code
of Criminal Procedure, 1925) are, when unpaid by the
defendant, controlled by the provisions of Article
1055, as amended, without which article in such cases,
the county attorney would receive no compensation for
his services performed.

It is, therefore, the opinion of this depart-
ment, that in counties where the justice of the peace
or county attorney is compensated on a fee basis, Arti-
cle 1055, as amended by House Bill No. 205, Acts of
1939, 46th Leg., does not include as "officers of the
court" a justice of the peace.  A county attorney is
included as an "officer of the court" within the pro-
visions thereof.

Trusting the above answers your questions,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By $ Wm. J. R. King
Assistant

K:ob

APPROVED JUNE 29, 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY R.W.F. CHAIRMAN